**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **JOE N. PRATT INSURANCE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION V-07-7** |
| | § | |
| **DONNA EASLEY DOANE, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Donna Easley Doane's ("Doane's") Motion to Amend. Dkt. No. 42. Plaintiff Joe N. Pratt Insurance ("Plaintiff") has responded (Dkt. No. 47), Doane has replied (Dkt. No. 48), and Plaintiff has filed a supplemental response (Dkt. No. 49). Having considered the motion, responses, and relevant law, the Court finds that Defendant's Motion to Amend should be DENIED.

**Background**

Doane is a former employee of Plaintiff, an insurance agency. Plaintiff accused Doane and the other defendants of conspiring to steal and stealing proprietary information, including customer lists and Plaintiff's business plan, in the days leading up to Doane's resignation. Plaintiff alleges that Doane used this information to start her own insurance agency, which has profited from the information she took at Plaintiff's expense.

On March 20, 2008, this Court dismissed certain of Plaintiff's causes of action against the defendants. Dkt. No. 35. The remaining causes of action are that the defendants violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, that the defendants misappropriated

1

Plaintiff's trade secrets, that the defendants breached fiduciary duties, that the defendants breached

contracts with Plaintiff, and that the defendants tortiously interfered with contractual relations. *See*

Dkt. No. 35 at 25.

On April 30, 2008, a group of defendants that includes Doane filed their answer to Plaintiff's

complaint. Dkt. No. 38. Included in this answer was one counterclaim, by defendant Judy Turner,

that Plaintiff had "failed to comply with his [sic] agreement to pay commissions." *Id.* at 10.

Doane filed the instant motion on November 19, 2008. Dkt. No. 42. By her amendment,

Doane wishes to add the following counterclaim:

> Plaintiff is a partnership and Joe Pratt is the majority partner. Defendant Donna
> Easley Doane would show that Plaintiff's majority partner, Joe Pratt, while in the
> course and scope of employment with the partnership committed assault, battery and
> intentional infliction of emotional distress against Donna Easley Doane. More
> specifically, on numerous occasions, Joe Pratt exposed his genitals to her, groped her
> breasts, pulled down her pants and underwear. Said conduct was in Joe Pratt's
> course and scope of his employment with Plaintiff and, as such, Plaintiff is liable
> under *respondiat superior*. Donna Easley Doane further alleges that Plaintiff
> approved and ratified said conduct. Pratt has admitted this conduct under oath
> during his deposition.

Dkt. No. 42 at 12. Plaintiff has opposed this amendment.

### Standard

Federal Rule of Civil Procedure 13(f) governs the amendment of pleadings to add

counterclaims: "The court may permit a party to amend a pleading to add a counterclaim if it was

omitted through oversight, inadvertence, or excusable neglect or if justice so requires." FED. R. CIV.

P. 13(f). The standard under the "if justice so requires" prong leans toward permitting the

amendment. "The usual judicial practice is to examine each case on its facts and to deny leave to

amend only when the delay is inexcusable, or when the pleader has displayed a lack of good faith,

or when the omitted counterclaim can be left to an independent action, or when it is totally lacking

in merit." WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 1430 (footnotes omitted).

### Analysis

Plaintiff does not argue that the Court should deny Doane's amendment because of inexcusable delay, lack of good faith, or because the amendment could be left to a later independent action. Rather, Plaintiff argues that the amendment would be futile because it is time-barred.

Doane filed the instant motion on November 19, 2008. The most recent alleged assault occurred in February, 2004. *See* Dkt. No. 47, Ex. 2 at 4, 6. Thus, the two-year statute of limitations in Texas on such claims appears to have run. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). Doane, however, argues that Texas law allows her to revive her claim: "If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required." TEX. CIV. PRAC. & REM. CODE § 16.069(a). However, "[t]he counterclaim or cross claim must be filed not later than the 30th day after the date on which the party's answer is required." TEX. CIV. PRAC. & REM. CODE § 16.069(b).

Doane thus necessarily asserts that her assault, battery, and intentional infliction of emotional distress counterclaims arise out of the same transaction or occurrence as the action filed by Plaintiff. Doane points out that Texas courts have stated that where "there is a legal relationship such as under a lease or contract, all the claims that arise from that relationship will arise from the same subject matter . . . ." *South Plains Switching, Ltd. v. BNSF Ry. Co.*, 255 S.W.3d 690, 700 (Tex. App. 2008). According to Doane, the relevant legal relationship here is the employment relationship, which is of course contractual in nature.

3

On the other hand, the court in *South Plains* stated in the very next sentence that "where a defendant's claim to affirmative relief asserts a theory distinct from and independent of the issues raised in a plaintiff's claim, it [does not arise out of the same transaction or occurrence]." *Id.*

Doane's counterclaim fits more neatly into the latter rule than the former. Her sexual misconduct allegations are strikingly "distinct from and independent of" the claims made by Plaintiff against her. Further, her argument that her claims arise from the employment relationship is dubious. While she alleges that she was assaulted at her workplace, the assaults had nothing to do with her work or the employment relationship she had with her alleged assaulter. She does not claim that she was constructively terminated or that any part of her work relationship was involved in the alleged assaults. She merely claims that she was in fact assaulted and that the perpetrator happened to be the majority partner of Plaintiff.

Furthermore, the "logical relationship test" has been held by the Texas courts to apply to the "transaction or occurrence" language of TEX. R. CIV. P. 97(a), which governs compulsory counterclaims. *See Jack H. Brown & Co. v. Nw. Sign Co.*, 718 S.W.2d 397, 399-400 (Tex. App. 1986) (noting that Rule 97(a) is taken from FED. R. CIV. P. 13(a) and citing *Moore v. New York Cotton Exchange*, 270 U.S. 593 (1926), as the leading case on that Rule). The basic idea of this test is that "there is no logical relationship when none of the same facts are relevant to both claims." *Western Square Investments, Inc. v. Western National Bank*, Civ. No. 07-96-0397, 1998 WL 102569 (Tex. App. Mar. 10, 1998). In this case, there are no shared facts: Plaintiff alleges that Doane stole information and used it to Plaintiff's detriment and Doane alleges that Plaintiff's majority partner assaulted her. Thus, there is no logical relationship.

At least one other court has looked past the fact that an employment relationship was

involved in both the original claims and the counterclaims and held that the two sets of claims did not arise from the same transaction or occurrence.  In *Seward v. Union Pump Co.*, 428 F. Supp. 161 (D. Tex. 1977), a former employee sued his employer for unpaid bonuses.  The employer filed a counterclaim alleging that the former employee had misappropriated the time and efforts of company personnel to the use and benefit of a company owned by the employee.  The district court held that the counterclaim did not arise from the same transaction or occurrence as the original claims.

Thus, because Doane's counterclaim does not arise from the same transaction or occurrence as Plaintiff's claims, section 16.069(a) does not apply.  The statute of limitations on Doane's claims thus had run in February, 2006, before this case was even filed, much less before she filed her motion.  Because adding this counterclaim would be futile because of the time-bar, Doane's motion for leave to amend must be denied.

### Conclusion

For the foregoing reasons, Doane's Motion to Amend is DENIED.

It is so ORDERED.

Signed this 28th day of January, 2009.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE