UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **JOE N. PRATT INSURANCE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. V-07-07** |
| | § | |
| **DONNA EASLEY DOANE, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendants Trinity Universal Insurance Company ("Trinity"), Jim Strahan, and Kerry Lott's (collectively, "Trinity Defendants") Motion for Complete Summary Judgment (Dkt. No. 65). Having considered the motion, response, reply, record, and relevant law, the Court finds that the motions should be granted.

### Background and Procedural History

A summary of the events giving rise to this litigation can be found in a March 20, 2008 Order granting in part and denying in part Defendants' motions to dismiss (Dkt. No. 35). Plaintiff Joe N. Pratt Insurance ("Pratt" or "Plaintiff") contends that the Easley Defendants stole and misused Pratt's financial and business information. Pratt also alleges that the Trinity Defendants either conspired with the Easley Defendants or knowingly participated in their allegedly tortious actions. Pratt's remaining claims against the Trinity Defendants are for allegedly aiding and abetting or conspiring with the Easley Defendants to: (1) violate the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; (2) misappropriate Pratt's trade secrets; (3) breach fiduciary duties owed to Pratt; and (4) tortiously interfere with contractual and prospective contractual relations. (Dkt. No. 35 at 25). Defendants now seek summary judgment as to each of the above-identified claims. Additional facts

relevant to the adjudication of this matter are developed below as necessary.

## Standard of Review

A motion for summary judgment shall be granted if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the Court construes factual controversies in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998). If the burden of proof at trial lies with the nonmovant, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the nonmovant, but the movant is not required to negate elements of the nonmovant's case. *Id.* at 323.

The nonmoving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the nonmovant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324; *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Needless to say, unsubstantiated assertions are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1429 (5th Cir. 1996) ("[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden."). The nonmovant

"must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To meet its burden, the nonmoving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50 (1986).

## State Law Claims

### A. Conspiracy

In Texas, a civil conspiracy is "a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 614 (Tex. 1996). Civil conspiracy is a derivative action. *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 640 (5th Cir. 2007). Therefore, "[i]f a plaintiff fails to state a separate underlying claim on which the court may grant relief, then a claim for civil conspiracy necessarily fails." *Id.* (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)).

If a separate underlying tort is present, then the plaintiff must prove the following to establish civil conspiracy liability: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result." *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). A meeting of the minds requires "an agreement among [the alleged conspirators and] a specific intent to commit the act." *San Antonio Credit Union v. O'Connor*, 115 S.W.3d 82, 91 (Tex. App.—San Antonio 2003, pet. denied). Specific intent, in turn, requires awareness of the harm

or unlawful conduct at the beginning of the agreement and intent to cause that harm through unlawful means.  *Id.*

Typically, a conspiracy is proved by circumstantial evidence. *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 858 (Tex. 1969). "Circumstantial evidence may be used to establish any material fact, but it must constitute more than mere suspicion." *Transport Ins. Co. v. Faircloth*, 898 S.W.2d 269, 278 (Tex.1995) (citing *Browning-Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 927 (Tex.1993) ("[S]ome suspicion linked to other suspicion produces only more suspicion, which is not the same as evidence.")); *Schlumberger*, 435 S.W.2d at 858 (stating that "vital facts may not be proved by unreasonable inferences from other facts and circumstances"; any vital fact must be proved "by evidence amounting to something more than a mere scintilla").

**B.  Knowing Participation**

A third party that "knowingly participates" in the commission of certain torts may be held liable as a joint tortfeasor.  *Meadows*, 492 F.3d at 639 (citing and quoting *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 514 (Tex. 1942)).  Liability under this derivative theory requires knowledge by the third party that the primary defendant was engaging in tortious or fraudulent conduct.  *See id.*; *see also GXG, Inc. v. Texacal Oil & Gas*, 977 S.W.2d 403, 410 (Tex. App.—Corpus Christi 1998, pet. denied).  As with a conspiracy claim, mere suspicion that the third party knew of the alleged wrongdoing by the primary defendant will not suffice to stave off summary judgment.  *See Stevenson v. Rochdale Investment Mgmt., Inc.*, No. 3:97cv1544L, 2000 WL 1278479, at *5 (N.D. Tex. Sept. 7, 2000).

## C.  No Summary Judgment Evidence to Support Claims

Pratt has presented no summary judgment evidence to support its claims that the Trinity Defendants knowingly participated or conspired to steal Pratt's trade secrets, breach fiduciary duties,[1] or tortiously interfere with existing[2] or prospective contracts.  All of these claims are based on the theory that the Trinity Defendants either knowingly participated or conspired with the Easley Defendants to unlawfully copy Pratt's business records.[3]  Therefore, the lack of summary judgment evidence with respect to all of these claims will be discussed together.

In order to prevail on a "knowing participation" theory, Pratt must show that the Trinity Defendants were aware of the Easley Defendants' actions.  Pratt's evidence on this point essentially asserts that the Trinity Defendants' "must have known" what the Easley Defendants were doing.  Pratt suggests that the evidence it lists on pages 14 and 15 of its response shows that

---

[1] Pratt states, as an alternative theory for surviving summary judgment on its breach of fiduciary duty liability claim as to the Trinity Defendants, that "Doane additionally breached her fiduciary duty to Pratt by conspiring with Trinity to procure an appointment with her new agency while she was being paid by Pratt to pursue a Trinity appointment for Pratt." (Dkt. No. 86 at 8-9).  However, Pratt offers no evidentiary support for this new alternative theory.  Pratt cannot point to any summary judgment evidence that would show a "meeting of the minds" between Doane and the Trinity Defendants or that the Trinity Defendants "knowingly participated" in such a breach.  Even if this claim was supported by evidence, it would fail as a matter of law because "where the third party is doing that which he has a legal right to do," he cannot be held liable for inducing or knowingly participating in the breach of another's fiduciary duty. *Baty v. Protech Ins. Agency*, 63 S.W.3d 841, 863 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).  Because Pratt does not contest the fact that Trinity had the legal right to appoint Easley Insurance and not Pratt Insurance, there can be no dispute that Pratt was privileged to do exactly that.  *Baty*, 63 S.W.3d at 863-64 (affirming summary judgment on claim for inducement of breach of fiduciary duty in context of insurance agency appointment where defendant insurers "each had the legal right to enter into agency contracts" with the plaintiff insurance agency's employees).

[2] Because the Court granted summary judgment on the tortious interference with an existing contract claim against the Easley Defendants, and because conspiracy or knowing participation is a derivative claim, dismissal would be proper even if there was evidence of "knowing participation" or "meeting of the minds."

[3] Pratt's response contains statements that the Trinity Defendants "[u]ndoubtedly . . . knew that the applications being submitted by Doane and Easley Insurance were replete with information stolen from Pratt," (Dkt. No. 86 at 13), and its brief implies that Pratt should be liable under a conspiracy or knowing participation theory for "using" that information.  However, the trade secrets, breach of fiduciary duties, and tortious interference with prospective contract or business relations claims—the three claims that survived summary judgment for the Easley Defendants—are premised on the Easley Defendants' alleged bad acts concerning the copying of Pratt's documents.  In any event, Pratt has not pointed the Court to any evidence showing that the Trinity Defendants "knowing participated" or "conspired" with the Easley Defendants in one of the surviving claims to "use" the documents acquired from Pratt in an unlawful manner.

the Trinity Defendants knowingly participated in the copying of documents.  (Dkt. No. 86 at 14-15 (pointing to evidence in support of its trade secrets claim, which is essentially the same evidence relied on for all of the claims)). However, the only evidence that even remotely addresses the knowing participation of the Trinity Defendants is the sixth bullet point, which states that "Guy Doane believes that Donna Doane and Kerry Lott were having an intimate relationship (which ultimately led to the Doanes' divorce) and believes that Lott knew about the copying of the Pratt documents."  (Dkt. No. 86 at 15).  However, this is not competent summary judgment evidence, Mr. Doane only opines that Lott "must of known" about the copying, without offering any factual basis to support this conclusion.  Accordingly, summary judgment is proper on Pratt's "knowing participation" claims against the Trinity Defendants.

Likewise, Pratt is unable to point to any evidence to support its conspiracy claims against the Trinity Defendants.  To show participation in a conspiracy, Pratt must show a "meeting of the minds," and it is axiomatic that no meeting of the minds can exist unless the alleged conspirator is at least aware of the underlying unlawful conduct or unlawful objective of the conspiracy.  *San Antonio Credit Union v. O'Connor*, 115 S.W.3d 82, 91 (Tex. App.—San Antonio 2003, pet. denied).  While Pratt offers the same evidence discussed above in connection with its knowing participation claim as circumstantial evidence of a conspiracy, none of the evidence can show that the Trinity Defendants were even aware of the alleged underlying acts of Doane.  In any event, Pratt cannot show a "meeting of the minds."   Mere suspicion is not enough to carry Pratt's summary judgment burden.  *Transport Ins. Co. v. Faircloth*, 898 S.W.2d 269, 278 (Tex. 1995).  Therefore, the Trinity Defendants' motion for summary judgment on Pratt's state law claims should be granted.

## CFAA Claim[4]

Because the Court granted the Easley Defendants' motion for summary judgment on the CFAA claim, no underlying claim exists which could provide a basis for finding the Trinity Defendants liable on a theory of conspiracy or aiding and abetting. Therefore, the Trinity Defendants' motion for summary judgment on the CFAA claim should be granted.

## Vicarious Liability

Pratt failed to respond to the Trinity Defendants' argument that summary judgment is proper on all claims that "'Donna Doane [and] Judy Turner . . . acted as agents on behalf of Trinity while committing wrongful acts.'" (Dkt. No. 65, at 32). Pratt has not demonstrated a factual basis for showing an agency relationship existed. *Olympia Capital Assocs., L.P. v. Jackson*, 247 S.W.3d 399, 413 (Tex. App.—Dallas 2008, no pet.) (stating that an agency relationship is not presumed under Texas law, and the burden of proving agency is on the party asserting it). Even if Pratt was able to demonstrate an agency relationship existed, it has not offered any evidence to show that any alleged wrongful acts taken by the Easley Defendants were within the scope of authority granted by the agent, *Great Am. Life Ins. Co. v. Lonze*, 803 S.W.2d 750, 754 (Tex. App.—Dallas 1991, writ denied) ("[T]he record must conclusively show that the wrongful acts of Agency were authorized by Company or were undertaken within the scope of authority granted to Agency" in order "to hold Company liable for any fraudulent or negligent conduct of Agency."), or that acts taken outside the scope of authority granted by the agent were ratified by the agent, *id.* at 754-55. Accordingly, summary judgment is proper on Pratt's claims of vicarious liability.

---

[4] Pratt has not filed any substantive response to the Trinity Defendants' motion as it pertains to its CFAA claim.

## CONCLUSION

For the reasons set forth above, the Trinity Defendants' Motion for Complete Summary Judgment is **GRANTED**.

It is so ORDERED.

Signed this 25th day of September, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE