UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **JOE N. PRATT INSURANCE,** | § | |
| | § | |
|     **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. V-07-07** |
| | § | |
| **DONNA EASLEY DOANE, et al.,** | § | |
| | § | |
|     **Defendants.** | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Plaintiff Joe N. Pratt Insurance's ("Pratt" or "Plaintiff") Motion to Reconsider Summary Judgment (Dkt. No. 100).[1] Having considered the motion, response, reply, record, and relevant law, the Court finds that the motion should be DENIED.

### Background and Procedural History

A summary of the events giving rise to this litigation can be found in a March 20, 2008, Order granting in part and denying in part Defendants' Motions to Dismiss (Dkt. No. 35). Defendants Trinity Universal Insurance Company ("Trinity"), Jim Strahan, and Kerry Lott (collectively, "Trinity Defendants") filed a Motion for Complete Summary Judgment on June 1, 2009. (Dkt. No. 65). Pratt filed a response on July 24, 2009, (Dkt. No. 86), and the Trinity Defendants filed a reply on August 12, 2009, (Dkt. No. 92). The Court issued a Memorandum Opinion & Order on September 25, 2009, granting the Trinity Defendants' motion. (Dkt. No. 97). The Trinity Defendants filed the instant Motion to Reconsider Summary Judgment on October 9, 2009.

---

[1] Pratt's request to set this motion for oral hearing is DENIED.

**Standard of Review**

A Rule 59(e) motion "calls into question the correctness of a judgment," *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004), and thus "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Such a motion is not to be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003). Reconsideration of a judgment after its entry is an "extraordinary remedy that should be used sparingly," *Templet*, 367 F.3d at 479, over which a district court has considerable discretion to grant or to deny. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). In exercising its discretion, a district court is under a duty to "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). With this balance in mind, the Fifth Circuit has made clear that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

**Analysis**

Pratt has not established either a manifest error of law or fact or presented newly discovered evidence. Pratt's Motion to Reconsider Summary Judgment seeks a second bite at the apple by recycling rejected legal arguments and offering—for the first time—evidence and new legal arguments and theories that could have been presented at summary judgment.

**I.    New Evidence**[2]

Pratt's attempt to supplement the record in support of its "knowing participation" claims by offering previously unsubmitted portions of Kerry Lott's deposition testimony is improper. A party seeking reconsideration of a motion based on evidence not previously considered by the Court *must* show that the new evidence was not previously available. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Here, Lott's deposition testimony was clearly available to Pratt prior to the time of summary judgment. Indeed, both Parties cited to portions of Lott's deposition in their summary judgment briefs. Moreover, a party is not entitled to have a summary judgment set aside on the basis of evidence not produced prior to summary judgment unless he demonstrates a valid excuse for the failure to produce the evidence prior to the court's summary judgment ruling. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1052 (5th Cir. 1996). Pratt has not demonstrated any excuse, valid or otherwise, for its failure to previously produce the evidence it now wishes to have the Court consider.

Even if the Court was to consider the additional evidence offered by Pratt, the Court is not convinced that enough evidence would exist in order for Pratt to survive summary judgment on its "knowing participation" claims. The evidence offered by Pratt is nothing more than suspicion and speculation and, essentially, argues that the Trinity Defendants "must have known" about the Easley Defendants' allegedly improper behavior. This is not enough to survive summary judgment.

---

[2]To the extent Pratt argues that the Court did not consider the proffered evidence of the Trinity Defendants' "use" of improperly acquired documents, that is incorrect. Footnote three of the Court's September 25, 2009, Memorandum Opinion & Order states that, like Pratt's claims based on the "copying" of documents, the evidence presented regarding the Trinity Defendants' "use" of the documents did not rise above suspicion and speculation. Accordingly, Pratt cannot survive summary judgment on the theory that the Trinity Defendants "knowingly participated" with the Easley Defendants to "use" documents acquired from Pratt in an unlawful manner.

**II.     New Legal Theories**

Pratt, for the first time, offers a new theory of recovery for knowingly participating in a breach of fiduciary duty. Pratt suggests that a third party can be liable if "the third party accepted benefits from the transaction knowing the benefits were the result of a breach of fiduciary duty." (Dkt. No. 100 at 3). However, in support of this new theory, Pratt only cites an eighteen-year-old CLE article on estate planning. Pratt did not direct the Court to the specific passage in the 180-page article that supports its position, and independent case-law research by the Court could not confirm that this is the state of the law in Texas. Pratt's unsupported allegations do not lead the Court to conclude that a manifest error occurred in its September 25, 2009, Memorandum Opinion & Order (Dkt. No. 97).

Pratt also urges the Court to reconsider its alternative ground for ruling that summary judgment was proper on Pratt's knowing participation in the breach of fiduciary duty claim. However, Pratt has not demonstrated that the Court's independent and alternative ground for granting summary judgment is a manifest error of law. Pratt argues that *Baty v. Protech Ins. Agency*, 63 S.W.3d 841 (Tex. App.—Houston [14th Dist.] 2001, pet. denied), is "bad law." Pratt does not allege that a Texas court has ever ruled in a contrary manner to *Baty* or that *Baty* has been overruled or superseded. Rather, Pratt argues that the Court of Appeals of Texas misstated the law in its opinion. Not only were Pratt's arguments regarding *Baty* never brought up at the summary judgment phase,[3] but the Court cannot accept that relying on a Court of Appeals of Texas opinion that is

---

[3] Pratt had forty-three days between the Trinity Defendants' Reply (Dkt. No 92), where the *Baty* argument was first discussed, and the Court's September 25, 2009, Memorandum Opinion & Order granting the Trinity Defendants' Motion for Summary Judgment (Dkt. No 97) to file a surreply raising these new arguments.

4

almost exactly on point—and which has never been questioned by a Texas court—rises to the level of manifest error.

Accordingly, the Court is of the opinion that Plaintiff's Motion to Reconsider Summary Judgment should be DENIED.

It is so ORDERED.

Signed this 1st day of December, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE