UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOE N. PRATT INSURANCE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-07-07 |
| | § | |
| DONNA EASLEY DOANE, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Joe N. Pratt Insurance's ("Pratt" or "Plaintiff") First Motion In Limine: Motion to Exclude Evidence Related to Defendant Donna Easley Doane's Allegations of Assault, Battery and Intentional Infliction of Emotional Distress, (Dkt. No. 121), and Defendants Donna Easley Doane d/b/a Easley Insurance Agency, Judy Turner, Donald Easley, and Margaret Easley's (collectively, "Easley Defendants") Motion for Reconsideration of Order Denying Motion for Leave to Amend to Add Omitted Counterclaim, (Dkt. No. 122[1]). Having considered the motions, responses, replies, record, and relevant law, the Court finds that Easley Defendants' motion should be DENIED and Plaintiff's motion should be GRANTED in part and DENIED in part.[2]

---

[1] This motion was filed twice, both as Dkt. No. 122 and as Dkt. No. 123. The "docket text" accompanying Dkt. No. 122 refers to the motion as "Response to 121 First MOTION in Limine," and the "docket text" accompanying Dkt. No. 123 refers to the motion as "MOTION for Reconsideration of 52 Order on Motion to Amend." The motion is actually titled "Easley Defendants' Response to Plaintiff's First Motion in Limine and Motion for Reconsideration of Order Denying Motion for Leave to Amend to Add Omitted Counterclaim." The Court will treat the two filings as a single motion and its ruling will apply equally to both. Citations in this Order will only refer to Dkt. No. 122.

[2] Plaintiff's Motion for Leave to File Additional Brief in Response to Motion for Reconsideration and Reply in Support of First Motion in Limine, (Dkt. No. 128), is also pending before the Court. That motion is DENIED.

**Background and Procedural History**[3]

A summary of the events giving rise to this litigation can be found in a March 20, 2008, Order granting in part and denying in part Defendants' Motions to Dismiss. (Dkt. No. 35). On November 19, 2008, Doane filed a Motion to Amend Answer to Add an Omitted Counterclaim. (Dkt. No. 42). On January 28, 2009, the Court entered its Memorandum Opinion and Order ("M&O"), (Dkt. No. 52), denying Doane's motion. Now, almost one year after the Court's M&O, the Easley Defendants reurge the same motion. (Dkt. No. 122). Additionally, Plaintiff asks the Court to exclude any evidence of Doane's allegations of assault, battery, and intentional infliction of emotional distress by Joe Pratt. (Dkt. No. 121).

**Motion for Reconsideration**

The Federal Rules do not explicitly provide for motions for reconsideration of interlocutory orders. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). However, the Fifth Circuit has held that when a district court rules on an interlocutory order, it is "free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Louisiana v. Guidry*, 489 F.3d 692, 698 n.14 (5th Cir. 2007) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)); *see also McKethan v. Tex. Farm Bureau*, 996 F.2d 734, 738 n.6 (5th Cir. 1993).

The Court is still convinced that its January 28, 2009, M&O is correct and continues to hold that Doane's counterclaims are time-barred. Doane filed the Motion to Amend, (Dkt. No. 42), on

---

[3]The remaining causes of action against the remaining defendants—Easley Defendants—are for (1) breach of fiduciary duty, (2) misappropriation of trade secrets, and (3) tortious interference with prospective contract or business relations.

November 19, 2008, and the most recent alleged assault occurred in February 2004,[4] (Dkt. No. 47, Ex. A at 6). Accordingly, the two-year statute of limitations in Texas on such claims has run, Tex. Civ. Prac. & Rem. Code § 16.003(a), and since the counterclaim does not "arise[] out of the same transaction or occurrence that is the basis of the [the present] action," Tex. Civ. Prac. & Rem. Code § 16.069(a), Doane's counterclaim is not revived and remains time-barred. For the reasons articulated in the Court's January 28, 2009, M&O, Easley Defendants' Motion for Reconsideration of Order Denying Motion for Leave to Amend to Add Omitted Counterclaim, (Dkt. No. 122), is DENIED.

## Motion In Limine

Plaintiff requests that the Easley Defendants be precluded from offering any evidence of the counterclaims Doane sought to add, claiming any such evidence—namely evidence of sexual misconduct against Doane by Joe Pratt, the senior partner in the Pratt Agency—is inadmissible under Federal Rules of Evidence 401 and 403.

Easley Defendants, on the other hand, argue that the evidence is relevant to whether Doane breached any fiduciary duties and the issue of exemplary damages. Easley Defendants further argue that the evidence is not <u>unfairly</u> prejudicial and does not confuse the issues or mislead the jury.

### Relevance

Under Federal Rules of Evidence Rule 401, "relevant evidence" is defined as that which

---

[4] Easley Defendants claim the last assault occurred in February 2005—although, after considering conflicting testimony, the Court credited the 2004 date in its M&O. However, the date makes no difference to the Court's analysis; the claim would still be time-barred even if the last assault occurred in February 2005. Moreover, the Court is not convinced that the 2005 date would cause Doane's counterclaims to "arise[] out of the same transaction or occurrence" that is the basis of the current action any more than the 2004 date would.

has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

### A. Breach of Fiduciary Duty

Easley Defendants assert that "[w]hat Mr. Pratt did to Ms. Doane closely relates to whether she breached any fiduciary duty, which arises under case law recognizing that a fiduciary *relationship* is one of 'peculiar confidence,' 'integrity and fidelity,' and 'fair dealing and good faith.'" (Dkt. No. 122 at 2 (citation omitted)). The Easley Defendants state that Doane may not have owed fiduciary duties to Plaintiff, as, they say, "[t]he toxic atmosphere of Ms. Doane's workplace was one in which a fiduciary relationship could not survive, much less serve as the vital basis for the breach claims alleged in this lawsuit." (*Id.*).

In support of their claim, the Easley Defendants cite *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193 (Tex. 2002) for the notion that "an employee does not owe an absolute duty of loyalty to his or her employer." *Id.* at 201. However, the language cited in *Johnson* referred to the breadth of the fiduciary duty that was owed—*Johnson* did not discuss whether, in some instances, fiduciary duties cease to exist.

Moreover, there are two types of fiduciary relationships: relationships that arise as a matter of law, like a principal/agent relationship, and relationships built on trust and confidence. *Abetter Trucking Co, Inc. v. Arizpe*, 113 S.W.3d 503, 508-509 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (stating there "are two types of fiduciary relationships. The first is a formal fiduciary relationship, which arises as a matter of law and includes the relationships between . . . principal and agent[,]" and that jury question of whether there was a relationship of trust and

4

confidence "was simply an *alternate* means" to find the existence of a fiduciary relationship). To the extent Plaintiff alleges a fiduciary relationship existed based on principles of agency, (Dkt. No. 17 at 19 ("Defendants Doane and Turner owed a fiduciary duty to Plaintiff as <u>employees and agents</u> of Plaintiff.") (emphasis added)), the evidence at issue is not relevant to whether that agency relationship existed. On the other hand, if Plaintiff attempts to assert at trial that the fiduciary duties owed by Doane resulted from a relationship built on trust and confidence, the evidence at issue would be relevant to whether Doane owed Plaintiff any fiduciary duties.

In sum, if Plaintiff only asserts that the fiduciary relationship arose under principles of agency, evidence of Joe Pratt's sexual misconduct is not admissible, but if Plaintiff attempts to proceed on a theory that the fiduciary relationship between Plaintiff and Doane was based on trust and confidence, the evidence at issue is admissible on relevancy grounds.

Easley Defendants also state that it would be fundamentally unfair to prohibit Doane from presenting the evidence at issue, as, they claim, the evidence *must* relate to the quality of Doane's fiduciary relationship with Plaintiff. For the reasons already discussed, the Court does not find that it is fundamentally unfair to exclude evidence that has no relevance to the issue of whether Doane in fact owed any fiduciary duties.

**B. Exemplary Damages**

Easley Defendants claim that evidence of sexual misconduct by Joe Pratt is relevant to 1) whether exemplary damages are appropriate and 2) the amount of the exemplary damages.

Easley Defendants claim that the evidence at issue closely relates to whether Doane's conduct "bore a trace of the malice that will be necessary to sustain the [P]laintiff's claim for

exemplary damages."  (Dkt. No. 122 at 2).

Plaintiff asserts that, in claims for breach of fiduciary duty, a finding of malice is not a prerequisite to an award of exemplary damages, unlike most other types of tortious conduct. *Brosseau v. Ranzau*, 81 S.W.3d 381, 396 (Tex. App.—Beaumont 2002, pet. denied); *see also* Tex. Civ. Prac. & Rem. Code § 41.003(a)(2).  Plaintiff states that exemplary damages can be awarded if the breach of fiduciary duty was intentional.  *Brosseau*, 81 S.W.3d at 396; *Cheek v. Humphreys*, 800 S.W.2d 596, 599 (Tex. App.—Houston [14th Dist.] 1990, writ denied); *Hawthorne v. Guenther*, 917 S.W.2d 924, 936 (Tex. App.—Beaumont 1996, writ denied) ("Unlike such grounds of recovery as conversion or unjust enrichment, malice is not a required element of exemplary damages where there is an intentional breach of fiduciary duty.").

Easley Defendants argue that in light of the "sweeping tort reform to the substantive and procedural law governing punitive damages" in 1995, (Dkt. No. 126 at 14), and the 2003 version of the exemplary damage statute, (*Id.* at 114-15), the cases allowing for exemplary damages for intentional breach of fiduciary duty are no longer "good."  The exemplary damage statute states that "exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence."  Tex. Civ. Prac. & Rem. Code § 41.003(a).

The Court agrees with the Easley Defendants.  In *Yeckel v. Abbott*, No. 03-04-00713, 2009 WL 1563587 (Tex. App.—Austin June 4, 2009), the Court of Appeals of Texas recently addressed the issue of whether an "intentional" breach of fiduciary duty can support an exemplary damage award.  In *Yeckel*, the court held that trial courts no longer have "broad-

6

ranging equitable discretion to impose punitive damages regardless [of] whether the plaintiff has obtained the jury findings required by chapter 41 [of the Texas Civil Practice and Remedies Code]." *Id.* at *10. Accordingly, in order to obtain an exemplary damage award, Plaintiff must comply with Tex. Civ. Prac. & Rem. Code § 41.003(a).

Moreover, the Court finds that the evidence of Joe Pratt's alleged sexual misconduct is relevant to whether Doane acted with "malice." The Court also finds that the amount of exemplary damages to be awarded will be informed by the evidence at issue.[5]

However, because the Court finds that evidence of the alleged sexual misconduct is <u>not</u> relevant to any other issue, a bifurcated trial is appropriate. Federal Rules of Evidence Rule 42(b) provides a mechanism for separate or bifurcated trials of one or more separate issues or claims to prevent prejudice or to expedite the trial.

In this case, the first phase of the trial will only deal with liability and actual damages relating to Plaintiff's main claims. If the jury finds Easley Defendants liable, a second phase of the trial will be held which will address whether exemplary damages are warranted and, if warranted, the amount of any exemplary damages. At this second phase, evidence of Joe Pratt's alleged sexual misconduct will be admissible.

**<u>Evidence Rule 403</u>**

Federal Rules of Evidence Rule 403 states that evidence that is otherwise relevant may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403.

---

[5]In determining the amount of exemplary damages, the jury is required to consider six factors: "(1) the nature of the wrong; (2) the character of the conduct involved; (3) the degree of culpability of the wrongdoer; (4) the situation and sensibilities of the parties concerned; (5) the extent to which such conduct offends a public sense of justice and propriety; and (6) the net worth of the defendant." Tex. Civ. Prac. & Rem. Code § 41.011(a).

Plaintiff's Rule 403 objections are moot with respect to the first phase of the trial, if Plaintiff only proceeds on an agent/principal theory to establish the fiduciary relationship at issue. However, if Plaintiff attempts to proceed on a theory that the fiduciary relationship existed because of Doane's and Plaintiff's "special relationship," Plaintiff's Rule 403 objections are in play. The Court finds that if Plaintiff proceeds on the "special relationship" theory of establishing a fiduciary relationship, the probative value of the evidence at issue outweighs Plaintiff's Rule 403 concerns. Likewise, with respect to the second phase of the trial, the Court finds that the probative value of the evidence outweighs any of Plaintiff's Rule 403 concerns.

## Conclusion

Easley Defendants' Motion for Reconsideration of Order Denying Motion for Leave to Amend to Add Omitted Counterclaim, (Dkt. No. 122), is DENIED. Plaintiff's First Motion In Limine: Motion to Exclude Evidence Related to Defendant Donna Easley Doane's Allegations of Assault, Battery and Intentional Infliction of Emotional Distress, (Dkt. No. 121), is GRANTED in part and DENIED in part.

It is so ORDERED.

Signed this 19th day of February, 2010.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE